UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JCHON PERKINS,

    Plaintiff,

v

TREK BICYCLE CORPORATION,

    Defendant.

CASE NO.

HON.

---

| | |
|---|---|
| Jchon Perkins<br>In Pro Per<br>1746 Maple Ridge<br>Haslett, MI 48840<br>517-204-9204<br>jchonp@yahoo.com | Kristen E. Guinn (P72148)<br>SMITH HAUGHEY RICE & ROEGGE<br>Attorneys for Defendant<br>100 Monroe Center, N.W.<br>Grand Rapids, MI 49503<br>616-774-8000<br>kguinn@shrr.com |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

**PLEASE TAKE NOTICE** that Defendant Trek Bicycle Corporation, by its undersigned counsel, hereby removes the civil action entitled *Jchon Perkins v. Trek Bicycle Corporation*, Case Number 2021-059CB, from the 30th Judicial Circuit Court, County of Ingham, Michigan, to the United States District Court for the Western District of Michigan, Southern Division under pursuant to 28 U.S.C. §§ 102(b)(1), 1332, 1441, and 1446. In support of removal, Trek states as follows:[1]

1. **State Court File.** On December 22, 2023, Perkins initiated this action by filing a Complaint in the 30th Judicial Circuit Court for the County of Ingham, Michigan, which was assigned case number

---

[1] By filing this Notice of Removal, Trek is not waiving and expressly reserve its right to contest the adequacy of Plaintiff's Complaint.

2021-059CB (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a complete copy of the file in the State Court Action is attached hereto as Exhibit A, which consists of a true and correct copy of the Summons and Complaint filed by Perkins. No further proceedings have taken place in the State Court Action as of the date of filing this Notice of Removal.

2. **Removal is Timely.** Perkins has never properly served Trek at any point, Trek received an electronic copy of the Summons and Complaint through informal means on December 26, 2023. Although Trek has not yet been properly served with the Summons and Complaint, Trek is filing this Notice of Removal within 30 days after Trek's receipt of the Summons and Complaint "through service or otherwise," making removal timely under 28 U.S.C. § 1446(b).

3. **Citizenship of Plaintiff.** According to the Complaint, Perkins "is a US citizen currently living in Ingham County, Michigan," (Compl. ¶ 2), and upon information and belief, Perkins resides at 1746 Maple Ridge, Haslett, Michigan, 48840. This makes Perkins a citizen of the State of Michigan for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

4. **Citizenship of Defendant.** Trek is a corporation organized under the laws of the State of Wisconsin and Trek's principal of business is located in the State of Wisconsin, as set forth in the Declaration of Jennifer Naeger, attached hereto as Exhibit B. This makes Trek a citizen of the State of Wisconsin for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

5. **Complete Diversity of Citizenship.** Both at the time that the Complaint was filed and now, there is complete diversity of citizenship because Perkins is a citizen of the State of Michigan and Trek is a citizen of the State of Wisconsin. 28 U.S.C. § 1332(a). Because Trek is not a citizen of the State of Michigan, it may remove the action to this Court under 28 U.S.C. § 1441(b)(2).

6. **The Amount in Controversy Exceeds $75,000.** In the Complaint, Perkins claims that he suffered over $100,000 in damages. (Compl. ¶¶28, 31).

7. **Other Defendants.** There are no defendants named in Perkins' Complaint in the State Court Action other than Trek.

8. **Venue.** Venue in this Court is proper under 28 U.S.C. § 1446(a) because this case was pending in the 30th Judicial Circuit Court, County of Ingham, Michigan. This Court is the district and division "embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a); *see also* to 28 U.S.C. § 102(b)(1).

9. **Service of Notice.** In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served contemporaneously on Perkins and filed with the 30th Judicial Circuit Court, County of Ingham, Michigan.

WHEREFORE, Trek respectfully requests that this action be removed from the 30th Judicial Circuit Court, County of Ingham, Michigan to the Western District of Michigan, Southern Division. In filing this Notice of Removal, Trek does not waive, and expressly reserves, all defenses that are or may become available to it.

DATED: January 10, 2024  By: */s/ Kristen E. Guinn*
Kristen E. Guinn (P72148)
SMITH HAUGHEY RICE & ROEGGE
100 Monroe Center NW
Grand Rapids, MI 49503
(616) 774-8000
kguinn@shrr.com

David J. Turek (admission pending)
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, Wisconsin 53202
(T): 414-223-3300
(F): 414-224-6116
turek@gassturek.com

*Attorneys for Defendant Trek Bicycle Corporation*

| Approved, SCAO | Original - Court　　JUDGE JAMES S. JAMO　2nd copy - Plaintiff |
|---|---|
| | 1st copy - Defendant　　　　　　　　　　　　　　　3rd copy - Return |

| STATE OF MICHIGAN JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY | SUMMONS | CASE NO. 23-0883-CB |
|---|---|---|

**Court address**　　Ingham County Courthouse, 341 S Jefferson St, Mason, MI 48854　　**Court telephone no.** (517) 483-6500

| Plaintiff's name, address, and telephone no. JCHON PERKINS 1746 MAPLE RIDGE HASLETT, MI 48840 (517) 204-9204 | v | Defendant's name, address, and telephone no. TREK BICYCLE CORPORATION Kristen Guinn, Attorney 100 Monroe Center, NW Grand Rapids, MI 49503 (616) 774-8000 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no. In PRO PER | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.　　**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date DEC 22 2023 | Expiration date MAR 22 2024 | Court clerk NICOLLE MOSS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01　(3/23)　**SUMMONS**　　　　　　　　　　　　MCR 1.109(D), MCR 2.102(B), MCR 2.10...

**EXHIBIT A**

Jchon Perkins
PRO SE
1746 Maple Ridge
Haslett, MI 48840
517-204-9204
jchonp@yahoo.com

# THE STATE MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

JUDGE JAMES S. JAMO

| | |
|---|---|
| JCHON PERKINS,<br>        Plaintiff,<br>vs.<br>TREK BICYCLE CORPORATION,<br>        Defendant.<br><br>Kristen Guinn, Attorney<br>100 Monroe Center, NW<br>Grand Rapids, MI 49503<br>616-774-8000 | Case No. 2023-0883 CB<br><br>**COMPLAINT FOR FRAUD &**<br>**CONSTRUCTIVE FRAUD** |

## INTRODUCTION

1. This is a "David vs. Goliath" action for Fraud & Constructive Fraud arising under the laws of the state of Michigan. Defendant has been using trademark bullying & fraudulent business practices by frivolously opposing Plaintiff's trademark application for over a year and preventing Plaintiff's access to the market, thereby causing lost opportunity costs and severe damages. Plaintiff is a simple, citizen entrepreneur forced into Pro Se litigation against the billion-dollar-corporation Defendant. The pivotal Jury question will be: "Is there confusion between a bicycle and a phone game?"

## PARTIES

2. Jchon Perkins ("Plaintiff") is a US citizen currently living in Ingham County, MI.

3. Trek Bicycle Corporation ("Defendant") is a company with business operations in MI.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all causes of action asserted herein because this case is a cause not given by statute to other trial courts.

5. This Court has jurisdiction over Defendant because the Defendant has operations in MI.

6. Venue is proper because the causes of action stated herein arose in this judicial district. Venue is further proper in this Court because:

   a. The Defendant has a places of business in this County;

   b. The violation occurred in this County;

## FACTS COMMON TO ALL COUNTS

7. Jchon Perkins ("Plaintiff") is the owner of the Prize Trek trademark.

8. Trek Bicycle Corporation is the owner of the TREK trademark.

9. TREK is a bicycle company.

10. Prize Trek is a phone game app.

11. Trek is a common dictionary word.

12. Despite failing to meet the USPTO/Lapp test standard of likelihood of confusion, Defendant placed an opposition to Plaintiff's USPTO registration of Prize Trek based on

"likelihood of confusion".

13. The Plaintiff requested immediate removal of the Defendant's frivolous action, as "trek" is a common dictionary word, and the Defendant is in a different industry.

14. "Prize" is defined as a reward, and "trek" is defined as a journey.

15. Prize Trek is a phone game where the player is on a journey to find rewards.

16. There is no confusion between a bicycle and a phone game.

17. The Plaintiff repeatedly requested removal of the Defendant's opposition, citing the economic damage that was being caused to the livelihood of the Plaintiff. Yet, the Defendant continued to use litigation in a bullying & fraudulent manner.

18. In the spirit of settlement, both parties had a meeting. The result was effectively a contract written by the Defendant, whereby the Plaintiff must follow the Defendant's baseless demands if Prize Trek wants to exist.

19. USPTO defined "bullies" as "a trademark owner that uses its trademark rights to harass and intimidate another business beyond what the law might be reasonably interpreted to allow." Later, the terminology "bullies" and "bullying" was removed, as it was determined that it was more appropriate to use the language appearing in the Trademark Technical and Conforming Amendment Act of 2010; namely, "litigation tactics."

20. An essay titled "Shaming Trademark Bullies" by Leah Chan Grinvald, dean of the William S. Boyd School of Law at the University of Nevada, Las Vegas, defines trademark bullying as "the enforcement of an unreasonable interpretation by a large corporation of its trademark rights against a small business or individual through the use of intimidation tactics."

21. Trademarkia, an online trademark and intellectual property database, ranks TREK fourth in its list of "All Time Biggest Bullies" behind the Monster Energy Company, Kellogg North America and Apple Inc.

Complaint for Fraud & Constructive Fraud

22. A Report to Congress by the Department of Commerce's United States Patent and Trademark Office studied the effects of aggressive trademark enforcement and posited that the practice unduly harms small businesses. "It seems that the costs associated with securing trademark counsel to respond to trademark enforcement efforts has the greatest negative impact on small businesses," the report reads. "In such cases, small businesses may instead [choose] to give in to the trademark owner's baseless demands without a fight."

23. Again, the Plaintiff fought the Defendant's baseless opposition and requested that they stop their interference; citing the mounting need for legal action to recover damages.

24. After over a year of frustrating, time-consuming & resource-wasting litigation, the USPTO dismissed Defendant's opposition with prejudice, thereby confirming the unreasonable nature of Defendant's aggression.

25. Even though the Plaintiff was finally able to register Prize Trek, the Defendant's actions effectively stopped the development and entry into the market at the opportune time, creating lost opportunity costs and irreparable damage to the Plaintiff.

### Count 1

### Fraud

26. The Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

27. Defendant, through its baseless trademark opposition, knowingly made false representations with the intent to deceive Plaintiff.

28. As a direct result of Defendant's fraudulent conduct, Plaintiff has suffered damages, including but not limited to lost opportunity costs in an amount exceeding $100K.

## Count 2

### Constructive Fraud

29. The Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

30. Defendant's baseless trademark opposition amounted to constructive fraud by engaging in conduct that, while possibly not intentionally deceptive, was misleading and resulted in harm to Plaintiff.

31. As a direct result of Defendant's constructive fraud, Plaintiff has suffered damages, including but not limited to lost opportunity costs in an amount exceeding $100K.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following:

a. Compensatory damages including lost opportunity costs;

b. Costs and fees incurred in pursuing this action; and

c. Any other relief the court deems just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues.

DATED this 10th day of December, 2023.

JCHON PERKINS
In Pro Per
1746 Maple Ridge
Haslett, MI 48840
517-204-9204
jchonp@yahoo.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JCHON PERKINS

**DEFENDANTS**
TREK BICYCLE CORPORATION

(b) County of Residence of First Listed Plaintiff **Ingham County, MI**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Jefferson County, WI**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
PRO PER

Attorneys *(If Known)*
Kristen Guinn, Attorney
100 Monroe Center, NW Grand Rapids, MI 49503

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | PERSONAL PROPERTY | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | [x] 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Common Law Fraud
Brief description of cause:
Defendant made a frivolous trademark opposition which hurt the Plaintiff

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** $100K+
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Plaintiff's First Requests for Admissions, Interrogatories, and Requests for Production Directed to Defendant

STATE OF MICHIGAN
IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

Jchon Perkins,
Plaintiff,

23-0883-CB

V.

JUDGE JAMES S. JAMO

TREK BICYCLE CORPORATION,
Defendant.

Case No.

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT, TREK BICYCLE CORPORATION**

Plaintiff, Jchon Perkins, submits the following requests for admissions in accordance with MCR 2.312. You have 42 days after service of this request to serve your responses. If you do not serve a written answer or objection addressed to the matter contained in the request within 42 days after service, each matter to which a request is made will be deemed admitted. Your response to each matter may be in the form of an admission, a specific denial, an objection (with the reasons clearly stated), or a statement that the matter cannot be admitted or denied. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and the information known or readily available to you was insufficient to enable you to admit or deny.

The interrogatories are submitted pursuant to MCR 2.309, to be answered in writing, under oath, and within 42 days from the date of service. The answer to each interrogatory is to include such information as is available to the party, or to the party's employees, representatives, agents, sureties, or indemnitors. Each interrogatory shall be deemed continuing; pursuant to MCR 2.302(E), supplemental answers are required if you discover a prior answer was incorrect or is no longer true, if you receive additional information about the identity or location of anyone having knowledge of discoverable matters, if you plan to call expert witnesses at trial not listed in your previous response, or if you have additional information on the substance of an expert's testimony. If you cannot answer a particular interrogatory in full, please answer to the extent possible, and explain your inability to answer the remainder. If you object to an interrogatory, please state the reasons for the objection, as required by MCR 3.209(B) (1). In preparing your answers, please set forth the question in full, followed by the answer, as required by MCR 2.309(B) (1).

The requests for production are submitted pursuant to MCR 2.310; such documents and things are to be produced for inspection and copying at the offices of [CONSUMER attorney firm], [Address], within 42 days of the date of service hereof. Please produce originals or 100% full size legible copies of the requested items.

## REQUESTS FOR ADMISSIONS

1. Please admit that Defendant was notified by the Plaintiff that its USPTO opposition to registration of the Prize Trek trademark was economically damaging the Plaintiff.

ANSWER:

2. Please admit that 'trek' is a common English word that can be found in a dictionary.

ANSWER:

3. Please admit that Trek bicycles are in a different industry than the Prize Trek phone game.

ANSWER:

4. Please admit that there is no evidence that supports the USPTO/Lapp test for "likelihood of confusion" between Trek bicycles and the Prize Trek phone game.

ANSWER:

5. Please admit that the Plaintiff repeatedly requested removal of the Defendant's opposition, citing the economic damage that was being caused to the livelihood of the Plaintiff.

ANSWER:

6. Please admit that Trademarkia, an online trademark and intellectual property database, ranked TREK fourth in its list of "All Time Biggest Bullies" behind the Monster Energy Company, Kellogg North America and Apple Inc.

ANSWER:

7. Please admit that Plaintiff requested that the Defendant stop their interference; citing the mounting need for legal action to recover damages.

ANSWER:

## INTERROGATORY

1. With respect to any response to the foregoing Requests for Admissions which was not an unqualified admission, please: a) Set forth in detail each fact you rely on in support of your qualification and/or denial; b) Identify by name, resident and business address, employer, job title or position, and telephone number, every person who has knowledge of the facts in support of your qualification or denial; c) Identify by date, title, subject matter and author, each document relating to the facts in support of your qualification or denial or, in lieu thereof, attach copies to your answers; d) Identify any statute, administrative rule, regulation or ordinance upon which you rely in support of your denial; e) To the extent that your response asserts that you have insufficient information to respond to the Request for Admission, please state with specificity: i) All efforts made by you to ascertain the information, including but not limited to, the identity of each person contacted, a description of each document or other material(s) reviewed and/or requested, the identity of any computer databases searched, and the reason(s) such efforts did not produce sufficient information for you to respond; ii) The specific discovery, investigation or information you claim is needed in order to obtain sufficient information to respond, including the name of each person who has or is likely to have the necessary information, whether that person has been contacted, and the date by which you believe you will have obtained sufficient information to respond.

**ANSWER:**

2. Please identify all evidence used to support Defendant's opposition based on 'likelihood of confusion' for Plaintiff's USPTO application of the Prize Trek trademark. If available, please describe the substance of the supporting evidence and, if the same are in writing, identify the writing and attach copies to your answers.

**ANSWER:**

3. Please identify by name, job title, last known home address, and home telephone number of each of Defendant's agents, representatives and/or employees, who were involved in any way with respect to the opposition which is the subject of this litigation. For each person identified, please state his or her role in the opposition.

**ANSWER:**

4. With respect to each person identified in response to the preceding interrogatory, please state whether he or she is still employed by Defendant. If not, for each such person who is no longer employed by Defendant, please state: a. The person's last known place of employment; b. The person's date of birth; c. The person's driver's license information, including state of issuance, driver license number and expiration date; d. The person's social security number; e. A physical description, including height, weight, hair color and eye color.

**ANSWER:**

5. Please identify by name, job title, home address, and home telephone number, the person Defendant contends is most knowledgeable with respect to Defendant's general trademark practices and procedures which were in effect at or near the time of the opposition which is the subject of this litigation.

**ANSWER:**

6. Please identify by name, job title, home address, and home telephone number, the person Defendant contends is most knowledgeable with respect to the particular opposition which is the subject of this litigation.

**ANSWER:**

## REQUEST TO PRODUCE

1. With respect to any response to the foregoing Requests for Admissions which was not an unqualified admission, please attach legible copies of all documents which support your denial or qualification.

**RESPONSE:**


Respectfully submitted,

BY: _____
Jchon Perkins, In Pro Per

DATED: December 10, 2023


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JCHON PERKINS,

    Plaintiff,

v.

TREK BICYCLE CORPORATION,

    Defendant.

### DECLARATION OF JENNIFER NAEGER

Jennifer Naeger, declares as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an adult with personal knowledge of the information stated in this Declaration. I am employed as General Counsel for Trek Bicycle Corporation.

2. Trek is incorporated under the laws of the State of Wisconsin.

3. Trek's principal place of business is located at 801 W. Madison Street in Waterloo, Wisconsin.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 9th day of January, 2024.

                                                /s/ Jennifer Naeger
                                                Jennifer Naeger



EXHIBIT B